UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JAMES L. THOMPKINS, JR., | Case No.: |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq.*)** |
| v. | |
| NAVIENT SOLUTIONS, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC., | **(Jury Trial Demanded)** |
| Defendants. | |

**COMES NOW** Plaintiff, James L. Thompkins, Jr. ("Plaintiff"), by and through undersigned counsel, and for its cause of action against the above named Defendants above-named alleges as follows:

## PARTIES

1.      Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Hillsborough, Tampa, Florida.

2.      At all times pertinent hereto, Plaintiff was a "consumer" as that terms is defined by 15 U.S.C. §1681(a)(c).

3.      Defendant, Navient Solutions, LLC ("Navient"), is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that regularly conducts business in the State of Florida, is a citizen of the State of Florida.

4.      At all times pertinent hereto, Defendant Navient was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

5.      Defendant, Experian Information Solutions, Inc. ("Experian"), is a consumer reporting agency, as defined by 15 U.S.C. § 1681a(f).

6.      Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Florida.

7.      Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

8.      Experian furnishes such consumer reports to third parties under contract for monetary compensation.

9.      At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## JURISDICTION AND VENUE

10.     That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA") and 28 U.S.C. §1331.

11.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Navient and Experian, and has thereby suffered particularized and concrete harm.

13.     Experian is one of the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

14.     Experian's primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

///

15.     Experian has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."   15 U.S.C. §1681(e)(B).

16.     In April of 2017, Plaintiff discovered a Navient student loan account reporting on his Experian consumer report – account #95502082771E0022013…. (the "Account").

17.     Plaintiff does not recognize the Account, and believes it to be the result of identity theft.

18.     The Account was purportedly opened in February of 2013.

19.     Plaintiff did not attend school in 2013, nor did he apply for student loans in 2013.

20.     Plaintiff is a United State military veteran who attended school in 2007-2008.

21.     Plaintiff's tuition was funded through the GI Bill, without ever taking out a student loan.

22.     On January 19, 2018, Plaintiff completed an Identity Theft Report with the Federal Trade Commission detailing the fraudulent nature of the Account ("FTC ID Theft Report").

23.     Plaintiff disputed the fraudulent Account with Navient, and was directed to complete Navient's ID Theft Affidavit which he completed March 24, 2018.

<u>FIRST DISPUTE</u>

24.     On or about January 22, 2018, Plaintiff sent a written dispute to Experian disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report ("First Dispute").

25.     Plaintiff attached the FTC ID Theft Report to the First Dispute to corroborate and explain his position that the Account did not belong to Plaintiff.

26.     Upon information and belief, Experian forwarded Plaintiff's First Dispute to Navient.

27.     Upon information and belief, Navient received notification of Plaintiff's First Dispute from Experian.

28.     Navient contacted Plaintiff to request that Plaintiff complete Navient's own identity theft affidavit ("Navient ID Theft Affidavit") which Plaintiff completed and submitted to Navient.

29.     On February 20, 2018, Experian responded to the First Dispute, informing Plaintiff that Experian would not be removing the Account from Plaintiff's consumer report.

30.     Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

31.     Upon information and belief, Navient failed to instruct Experian to remove the false information regarding the Account reporting on Plaintiff's consumer report.

32.     Experian employed investigation processes that were not reasonable and did not remove the false information regarding the Account identified in Plaintiff's First Dispute.

<u>SECOND DISPUTE</u>

33.     On or about April 4, 2018, Plaintiff sent another written dispute to Experian disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report ("Second Dispute").

34.     Plaintiff attached electric bills evidencing his identity and residence at the time the Account was purportedly issued and disburse, the FTC ID Theft Report, and the Navient ID Theft Affidavit to the Second Dispute.

35.    Upon information and belief, Experian forwarded Plaintiff's Second Dispute to Navient.

36.    Upon information and belief, Navient received notification of Plaintiff's Second Dispute from Experian.

37.    On May 9, 2018, Experian responded to the Second Dispute, informing Plaintiff that Experian would not be removing the Account from Plaintiff's consumer report with the explanation that, "[t]he company that reported the information has certified to Experian that the information is accurate.  This item was not changed as a result of our processing of your dispute."

38.    Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

39.    Upon information and belief, Navient failed to instruct Experian to remove the false information regarding the Account reporting on Plaintiff's consumer report.

40.    Experian employed investigation processes that were not reasonable and did not remove the false information regarding the Account identified in Plaintiff's First Dispute.

## COUNT 1 – Experian - First Dispute

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b))

41.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

42.    After receiving the First Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

43.     Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

44.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45.     Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46.     In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

47.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT 2 – Experian – First Dispute

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681i)

48.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

49.     After receiving the First Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

50.     Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

51.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52.     Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

53.     In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

54.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT 3 – Navient – First Dispute

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

55.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

56.     After receiving the First Dispute, Navient failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

57.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Navient's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Navient's representations to consumer credit reporting agencies, among other unlawful conduct.

58.     As a result of this conduct, action, and inaction of Defendant Navient, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

59.     Defendant Navient's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

60.     In the alternative, Defendant Navient was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

61.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Navient pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT 4 – Experian – Second Dispute

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b))

62.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

63.     After receiving the Second Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

64.     Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

65.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

66.     Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

67.     In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

68.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT 5 – Experian – Second Dispute

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681i)

69.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

70.     After receiving the Second Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

71.     Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

72.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

///

///

///

73.    Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

74.    In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

75.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT 6 – Navient – Second Dispute

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

76.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

77.    After receiving the Second Dispute, Navient failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

78.    Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Navient's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Navient's representations to consumer credit reporting agencies, among other unlawful conduct.

79.    As a result of this conduct, action, and inaction of Defendant Navient, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

80.   Defendant Navient's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

81.   In the alternative, Defendant Navient was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

82.   Plaintiff is entitled to recover costs and attorneys' fees from Defendant Navient pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendant for willful noncompliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined by 15 U.S.C. § 1681 and demands:

1. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

2. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

3. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

4. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

///

///

///

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.


Respectfully submitted this __13_ day of December, 2018.

_____

Frank Blanco (FL Bar No. 123751)
*Attorney for Plaintiff*
The Law Offices of Frank E. Blanco
202 North Bumby Avenue
Orlando, Florida 32803
407-497-3330
frank@ineedmyattorney.com